

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| BRIAR BUILDING HOUSTON LLC § | CASE NO: 18-32218 | |
|    Debtor § | | |
| § | CHAPTER 11 | |
| § | | |
| GEORGE M LEE § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | | |
| § | | |
| MOHAMMAD ALI CHOUDHRI § | ADVERSARY NO. 20-3395 | |
|    Defendant § | | |
| § | | |
| § | | |
| MOHAMMAD ALI CHOUDHRI § | ADVERSARY NO. 20-3398 | |
| JETALL COMPANIES, INC. § | | |
|    Defendants § | | |

## MEMORANDUM OPINION

Pending before the Court are two matters self-styled as "Plaintiff George M. Lee's Motion to Remand" filed September 14, 2020.[1] On October 7, 2020, an omnibus response to the motions to remand was filed by Defendants Ali Choudhri and Jetall Companies, Inc.[2] On October 19, 2020, the Court held a hearing on the motions to remand. For the reasons stated herein, the Court denies Plaintiff's motions to remand.

### I. Procedural History

On April 10, 2018, BDFI, LLC ("*BDFI*") filed an Appointment of Substitute Trustee ("*Foreclosure Notice*") in the real property records of Harris County, Texas ("*Harris County Records*").[3] The Foreclosure Notice indicated that BDFI, as senior lienholder, intended to

---

[1] 20-3395, ECF No. 12; 20-3398, ECF No. 8.
[2] 20-3395, ECF No. 16; 20-3398, ECF No. 12.
[3] Bankr. ECF No. 38 (recorded under File No. RP-2018-152622).

foreclose against a property located at 50 Briar Hollow Lane, Houston, Texas 77027 ("*Property*") subject to a certain Deed of Trust, dated December 30, 2013 ("*First Lien DOT*"), which had been executed by the Property's previous owner 50 Briar Hollow, LLC.[4] The First Lien DOT secured a $20,000,000 Promissory Note, dated December 30, 2013 ("*Senior Note*"), made by 50 Briar Hollow, LLC in favor of Green Bank, N.A. ("*Green Bank*").[5] Green Bank subsequently assigned the Senior Note, the First Lien DOT, and certain related liens and other documents to BDFI on March 9, 2018, pursuant to an Assignment and Assumption Agreement, dated March 9, 2018 ("*Assignment*").[6] The Assignment was recorded in the Harris County Records on March 12, 2018.[7]

On April 30, 2018, Briar Building Houston, LLC ("*Debtor*") filed a Chapter 11 petition ("*Petition*").[8] At the time of filing, Debtor's main asset was the Property. George M. Lee ("*Lee*" or "*Plaintiff*") owns one hundred percent (100%) of the membership interests of the Debtor.[9] Lee previously owned the Property individually but transferred the Property to Debtor pursuant to a Special Warranty Deed dated April 4, 2018 ("*April 4, 2018 Deed*"), which was recorded on April 5, 2018.[10]

In exchange for the April 4, 2018 Deed, Debtor gave Lee a $3,150,000 Promissory Note ("*Junior Note*") and granted Lee a Deed of Trust, Security Agreement-Financing Statement,

---

[4] Bankr. ECF No. 1-1 (in the Harris County Records under File No. 20130647992).
[5] *Id.*
[6] *Id.*
[7] *Id.* (in the Harris County Records under File No. RP-2018-102728).
[8] Citations to the docket in this adversary proceeding styled *George M. Lee vs. BDFI, LLC et al.* 18-3281 (the "*Adversary Proceeding*"), shall take the form "ECF No. ——," while citations to the bankruptcy case, 18-32218 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. ——."; Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.
[9] Bankr. ECF No. 29.
[10] *Id.* (in the Harris County Records under File No. RP-2018-144450).

dated April 5, 2018 ("*Second Lien DOT*"), against the Property to secure the Junior Note.[11] The Second Lien DOT was recorded in the Harris County Records on April 5, 2018.[12] Lee was therefore a junior lienholder against the Property as well as the Debtor's sole equity owner.[13]

On May 4, 2018, a dispute arose regarding, inter alia, Debtor's use of cash collateral.[14] Nevertheless, on May 11, 2018, Debtor, Lee, and BDFI resolved their differences regarding the Property, which resulted in Debtor filing a Motion to Compromise on May 15, 2018, setting forth a Forbearance Agreement ("*Motion to Compromise*").[15] Debtor asked the Court to approve it, along with a Motion to Dismiss the Chapter 11 Proceeding.[16] Attached to the Order approving the Motion to Compromise was a fully executed copy of an agreement between the parties dated May 11, 2018 ("*May 11, 2018 Forbearance Agreement*").[17] After conducting an evidentiary hearing on May 22, 2018, the Court approved the Motion to Compromise ("*May 22, 2018 Order*") and the Motion to Dismiss.[18] The Bankruptcy Case was dismissed on the same date.

After the bankruptcy case was dismissed, Lee filed two separate law suits in state court, to wit: (i) first, and filed on March 10, 2020, is Cause No. 2020-16175 *George M. Lee v. Mohammad Ali Choudhri* in the 152nd Judicial District Court, Harris County Texas ("*West Loop Lawsuit*"), which involves a dispute regarding Ali Choudhri's ("*Choudhri*" and together with Jetall Companies, Inc., "*Defendants*") personal guarantee on a loan made by Plaintiff regarding a commercial real property located at 1001 West Loop L.P. South, Houston, Texas and in which Plaintiff seeks damages in the amount of $4,219,951.30, and (ii) second, filed on March 30, 2020, is Cause No. 2020-20053 *George M. Lee v. Mohammad Ali Choudhri* in the 215th Judicial

---

[11] *Id.*
[12] *Id.* (in the Harris County Records under File No. RP-2018-144451).
[13] *Id.*
[14] Bankr. ECF No. 18.
[15] Bankr. ECF Nos. 29, 30.
[16] *Id.*
[17] Bankr. ECF No. 38.
[18] Bankr. ECF Nos. 38, 39.

District Court, Harris County Texas ("*Rivercrest Lawsuit*"), which involves a dispute regarding Choudhri's personal guarantee on a contract for deed regarding the purchase of real property known as 35 E. Rivercrest, Houston, Texas by a company wholly owned by Choudhri by the name of Jetall Companies, Inc. ("*Jetall*" and together with Choudhri, "*Defendants*") and in which Plaintiff seeks damages in the amount of $704,384.80.

The two state court suits were removed to this Court on August 19, 2020, and August 21, 2020, respectively.[19]  On September 14, 2020, Plaintiff filed a pair of motions self-styled as "Plaintiff George M. Lee's Motion[s] to Remand" ("*Motion(s) to Remand*") to remand each adversary proceeding back to state court.[20]

## II. Jurisdiction

Title 28 U.S.C. § 1334(b) grants this Court jurisdiction over "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." The Court, in its discretion, may abstain from hearing cases under 28 U.S.C. § 1334(c)(1).[21]  The Court may also remand a proceeding on any equitable ground.[22]  However, the Court has continuous jurisdiction to interpret and enforce its own orders.[23]  The jurisdictional issue in this case involves the question of whether the Court is enforcing its May 22, 2018 Order by adjudicating the two adversary proceedings.

## III. Analysis

In his Motions to Remand, Plaintiff challenges whether "related to" jurisdiction exists to

---

[19] 20-3395, ECF No. 1; 20-3398, ECF No. 1.
[20] 20-3395, ECF No. 12; 20-3398, ECF No. 8.
[21] *E.g.*, *Rohi v. Brewer & Pritchard*, 2019 WL 6894775 at *9 (S.D. Tex. Dec. 17, 2019).
[22] *See, e.g.*, 28 U.S.C. § 1334(c)(1); *In re Gober*, 100 F.3d 1195 (5th Cir. 1996); *In re Wood*, 825 F 2d. 90 (5th Cir. 1997).
[23] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)).

confer this Court with jurisdiction to adjudicate these disputes.[24] Plaintiff argues that these disputes arose after the Court's May 22, 2018 Order settled a dispute between the parties.[25] To Plaintiff, resolving these disputes requires interpreting Choudhri's personal guarantees on two separate but unrelated loans, which are inherently state law matters, do not invoke bankruptcy law, have no effect on the bankruptcy estate, and do not attack the Court's ruling.[26] Consequently, argues Plaintiff, neither arising in, arising under, nor related to jurisdiction exists. Defendants present the opposite view, framing this dispute as a pure question of interpretation of the Court's May 22, 2018 Order which settled a dispute among the parties.

If the disputes between the parties consist of resolving the personal guarantees between Plaintiff and Defendants, Plaintiff's view is correct, and the Court lacks jurisdiction to adjudicate the disputes. Conversely, if the disputes are based on the Court's enforcement of the May 22, 2018 Order, the Court has continuing jurisdiction to interpret and enforce its own orders.[27]

Here, Plaintiff's own Motions to Remand and state court pleadings illustrate the true focus of the dispute. After the Court issued its May 22, 2018 Order, Plaintiff claims that he initiated the West Loop and Rivercrest Lawsuits and further asserts that Defendants removed the two causes of action to this Court because they involved disputes regarding the May 11, 2018 Forbearance Agreement. Plaintiff then explains why the May 11, 2018 Forbearance Agreement is not at issue.[28] Despite Plaintiff's claims that the focus of these disputes "involve litigation between two non-debtor parties and the underlying facts involve a wholly unrelated property and claim"[29] and that "[t]he Notice of Removal filed by Defendants is fatally defective as it was filed

---

[24] *See* 20-3395, ECF No. 12; 20-3398, ECF No. 8.
[25] Bankr. ECF No. 38.
[26] 20-3395, ECF No. 12 at 4; 20-3398, ECF No. 8 at 4.
[27] *Travelers Indemn. Co.*, 557 U.S. at 151 (2009); *In re Cano*, 410 B.R. 506, 546 (Bankr. S.D. Tex. 2009).
[28] 20-3395, ECF No. 12 at 5; 20-3398, ECF No. 8 at 5.
[29] 20-3395, ECF No. 12, ¶ 1.

more than thirty days following the present suit,"[30] Plaintiff's own pleadings demonstrate that the dispute lies in the interpretation of the Court's May 22, 2018 Order.

Plaintiff believed the Court's ruling granted a release of Defendants as to "obligations under the Loan Documents" as the Court's ruling related only to the Briar Hollow Property, while Defendants believed they were entitled to a broader general release, not limited to the Briar Hollow Property and related Loan Documents. This is prominently demonstrated in Plaintiff's own Motion to Remand wherein Plaintiff is alleging that the claims made subject of the Rivercrest Lawsuit were "exactly the kind of preexisting claim[s] which Defendants allege [were] waived as part of the 'general release' contained in the Forbearance Agreement which serves as the basis of Defendants' jurisdictional allegations."[31] Additionally, Plaintiff's own affidavit declares that the May 22, 2018 Order approving the May 11, 2018 Forbearance Agreement was obtained by fraud, and that English was a second language to him because he primarily spoke Chinese.[32] Accordingly, the underlying disputes center on the interpretation of the Court's May 22, 2018 Order, conferring it with "arising in or under" jurisdiction under § 1334(b).[33] The Court will next turn its attention to Plaintiff's Motions to Remand.

Plaintiff asserts that there are two compelling reasons why the Rivercrest Lawsuit should be remanded to state court: (1) Defendants' Notice of Removal is unquestionably untimely because the alleged jurisdictional facts were apparent upon the face of the Original Petition; and (2) Defendants' acts in litigating and seeking adjudication of this case waived their rights to removal.[34] As for the West Loop lawsuit, Plaintiff asserts it should be remanded to state court because: (1) it is not properly before the Court; (2) mandatory abstention applies; and (3)

---

[30] 20-3398, ECF No. 8, ¶ 1.
[31] 20-3398, ECF No. 8, ¶ 17.
[32] 20-3395, ECF No. 16, Ex. K.
[33] *Travelers Indemn. Co.*, 557 U.S. at 151.
[34] 20-3398, ECF No. 8 at 6.

equitable abstention is appropriate even if jurisdiction exists. The Court will take each one in turn.

### A. 20-3398 The Rivercrest Lawsuit

#### 1. Whether the Rivercrest Lawsuit was timely removed.

Plaintiff argues that the Rivercrest Lawsuit was not timely removed. The statutory requirements for removal are set forth in 28 U.S.C. § 1446 as follows:

b) Requirements; generally—

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[35]

The start of the thirty-day period under 28 U.S.C. § 1446(b) begins when the jurisdictional facts revealing a basis for removal are apparent from the face of the initial pleading.[36] Here, Plaintiff argues that "the original petition in the Rivercrest Lawsuit made it clear that it dealt with the breach of the Contract originally executed on August 12, 2013 and subsequently extended until August 12, 2017" and that "[the] lawsuit [was] specifically directed against Choudhri by Lee, two of the parties mentioned in the release provision of the

---

[35] 28 U.S.C. § 1446(b).
[36] 28 U.S.C. § 1446(b)(1).

Forbearance Agreement."[37]  "In other words," argues Plaintiff, "the Rivercrest Lawsuit's original petition makes it clear that it is exactly the kind of preexisting claim which Defendants allege was waived as part of the 'general release' contained in the Forbearance Agreement which serves as the basis of Defendants' jurisdictional allegations."[38]  Therefore, Plaintiff contends that because Defendants filed their original answer on June 22, 2020, the very latest the thirty-day period for removal expired was on July 22, 2020.  As the Notice of Removal was not filed until August 21, 2020, Defendants' removal of the present case to this Court is untimely, and the case should be remanded back to the state court.[39]

Moreover, argues Plaintiff, Defendants' jurisdictional allegations supporting removal center around the argument that the Forbearance Agreement, by its "plain language," precludes all causes of action by Plaintiff against Choudhri or Jetall whatsoever, including those causes of action unrelated to the Briar Hollow Property and the Bankruptcy Matter.[40]  Plaintiffs refute Defendants' contention that because the Court's orders affirmed continuing jurisdiction to enforce the Forbearance Agreement removal is appropriate "based on this Court's jurisdiction over claims related to the underlying bankruptcy case . . . ."[41]

At first blush it would appear that Plaintiff is correct.  However, on August 8, 2020, Plaintiff filed a "First Supplemental Petition" ("*Supplemental Petition*") in the Rivercrest Lawsuit asserting that the Forbearance Agreement approved by this Court was "obtained by fraud" and "ambiguous."[42]  The notice of removal was filed less than two weeks after Plaintiff filed the Rivercrest Supplemental Petition.  As the Rivercrest Supplemental Petition sought, for

---

[37] 20-3398, ECF No. 8, ¶ 17.
[38] *Id.* at ¶ 17.
[39] 20-3398, ECF No. 8, ¶ 18.
[40] *Id.* at ¶ 16.
[41] *Id.*
[42] 20-3398, ECF No. 1, Ex. 12, ¶ 1.

the first time, an order from the state court invalidating the Forbearance Agreement as "obtained by fraud," it was "the initial pleading setting forth the claim or cause of action sought to be removed."[43] Accordingly, removal of the Rivercrest Lawsuit was timely.

### 2. Whether Defendants have waived their right to removal based upon their substantial litigation of the case prior to filing the Notice of Removal.

As stated above, Defendants assert that jurisdiction is nonetheless proper because it was filed within thirty days of service of Plaintiff's "First Supplemental Petition," which allegedly "repudiated the Briar Building Approval Order."[44] Plaintiff asserts that by raising an affirmative defense and prosecuting a motion for summary judgment in the State District Court, Defendants were placed on notice that the general release in the Forbearance Agreement was going to be dispositive in that case and since Defendants had subjective knowledge that the Forbearance Agreement's alleged "general release" abrogated Plaintiff's claims, Defendants cannot avail themselves of 28 U.S.C. § 1446(b) to bail them out for their failure to timely remove this case.[45] However, upon closer review, removal is based on the Rivercrest Supplemental Petition, not the Rivercrest original petition.[46] Defendants' affirmative defense and motion for summary judgment were based on the Rivercrest original petition. The only pleading filed after Plaintiff filed his Supplemental Petition was this removal.

As the Fifth Circuit has explained, the two paragraphs of § 1446(b) describe the documents that trigger the time limits for notices of removal.[47] The first paragraph governs notices based on the "initial pleading *setting forth* the claim for relief upon which such action or

---

[43] Fed. R. Bankr. P. 9027(a)(3). *See also* Rivercrest Removal Notice, at ¶ 19 ("This removal is timely as required 28 U.S.C. § 1446(b) because it is filed within 30 days of service of Lee's 'First Supplemental Petition,' which repudiated the Briar Building Approval Order.").
[44] 20-3398, ECF No. 1, ¶¶ 15–16, 19.
[45] 20-3398, ECF No. 8 at 9.
[46] 20-3398, ECF No. 1.
[47] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 209 (5th Cir. 2002).

proceeding is based."[48] By contrast, the second paragraph governs notices of removal based on "a copy of an amended pleading, motion, order or other paper from which it may *first be ascertained* that the case is one which is or has become removable."[49] For purposes of the first paragraph, the thirty day time period starts to run from the defendant's receipt of the initial pleading only when the "pleading affirmatively reveals on its face" that the plaintiff has raised a federal question.[50] The pleading must contain a specific allegation raising a federal question. The defendants have no obligation to engage in due diligence to determine if the case is removable. The subjective knowledge of the defendants cannot convert a case into a removable action.[51] The "affirmatively reveals on its face" standard does not apply to the second paragraph of § 1446(b), "but rather the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time running for a notice of removal under the second paragraph of § 1446(b)."[52] Therefore, here, the right to removal was not waived because the substantial litigation occurred before the Supplemental Petition, which raised the federal question, was filed. That was also the petition that triggered the removal countdown. The Rivercrest Lawsuit was timely removed to this Court based on that petition. Accordingly, Defendants have not waived their right to removal.

### B. 20-3395 The West Loop Lawsuit

#### 1. Whether the West Loop Lawsuit is properly before the Court.

In his Motion to Remand, Plaintiff asserts that Defendants' notice of removal quotes only a portion of the Forbearance Agreement thereby making it appear that the West Loop Lawsuit is

---

[48] *Id.* (emphasis in original) (quoting 28 U.S.C. § 1446(b)).
[49] *Id.* (emphasis in original).
[50] *Id.* at 210 (discussing removal based on diversity).
[51] *Id.*
[52] *Id.* at 211.

interconnected with the Briar Hollow Property and the underlying bankruptcy case.[53] But on closer inspection, argues Plaintiff, the Forbearance Agreement relates only to the Loan Documents regarding the Briar Hollow Property and thus removal was improper.[54] Defendants respond that upon the filing of the Rivercrest Supplemental Petition and Lee Affidavit, Defendants were put on notice that the West Loop Lawsuit is interconnected with the bankruptcy case.[55] The Court finds that by collaterally challenging the validity of the Forbearance Agreement, Plaintiff has also squarely placed at issue this Court's order dismissing the chapter 11 case in express reliance on the Forbearance Agreement. Therefore, the West Loop Lawsuit is properly before this Court.

**2. Whether mandatory abstention applies to the West Loop Lawsuit.**

Bankruptcy courts are courts of limited jurisdiction and are competent to hear cases arising in, arising under, or related to title 11.[56] Mandatory abstention, which is defined by statute, marks the boundaries where a bankruptcy court may exercise this jurisdiction and requires that a court remand proceedings in cases where:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[57]

The Fifth Circuit has interpreted this statute to require mandatory abstention when: "(i) the claim has no independent basis for federal jurisdiction other than § 1334(b); (ii) the claim is a non-core proceeding . . . ; (iii) an action has been commenced in state court; and (iv) the action

---

[53] 20-3395, ECF No. 12 at 5.
[54] *Id.*
[55] 20-3395, ECF No. 16 at 10.
[56] 28 U.S.C. §§ 157(a), 1334(b); *Stern v. Marshall*, 564 U.S. 462, 473 (2011).
[57] 28 U.S.C. § 1334(c).

could be adjudicated timely in state court."[58]

Plaintiff argues that mandatory abstention applies to this case because the dispute is a state law claim based on an alleged breach of contract and Texas state law, rendering this a non-core proceeding subject to mandatory abstention.[59] However, when an order resolves a core proceeding, the interpretation and enforcement of that order is also a core proceeding.[60] Before finding that jurisdiction exists to enforce or interpret its own prior orders, the Court must determine the source of its jurisdiction which existed when the original order was issued.[61] The Court's May 22, 2018 Order resolved the dispute between the parties, approved the Forbearance Agreement and dismissed the chapter 11 proceeding. The Order addressed a question that was within the Court's core jurisdiction under 28 U.S.C. § 157 (b)(2)(A), (L), and (O) as "matters concerning the administration of the estate" and "proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." This brings the Court's original May 22, 2018 Order within "arising in or under" jurisdiction, conferring the Court with jurisdiction to interpret and enforce that Order. Accordingly, mandatory abstention is not required.

### 3. Whether equitable remand applies to the West Loop Lawsuit.

Alternatively, Plaintiff requests that this Court remand the West Loop Lawsuit based upon § 1334(c)(1) and § 1452(b) under the doctrine of equitable remand even if jurisdiction exists.[62] In determining whether to grant an equitable remand, this Court in *In re Montalvo*

---

[58] *In re Moore*, 739 F.3d 724, 728–29 (5th Cir. 2014) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007)); *see also In re Chapman*, 2018 WL 4620719, at *4 (Bankr. S.D. Tex. June 8, 2018).
[59] 20-3395, ECF No. 12 at 8.
[60] *Travelers Indemn. Co.*, 557 U.S. at 151 (holding that bankruptcy court had subject matter jurisdiction to issue a clarifying order interpreting a prior order); *FormTech Indus., LLC v. Magna Powertrain USA, Inc. (In re FormTech Indus., LLC)*, 439 B.R. 352, 357 (Bankr. Del. 2010).
[61] *Travelers Indemn. Co.*, 557 U.S. at 151–53 (examining whether bankruptcy court had initial subject matter jurisdiction to issue a clarifying order interpreting a prior order).
[62] 20-3395, ECF No. 12 at 9

previously adopted two sets of factors.[63] The first set of factors consider whether the Court should remand or abstain and include:

(1) the convenience of the forum;

(2) the presence of non-debtor parties;

(3) whether the case should be tried as a whole in state court;

(4) the duplicative and uneconomic effect of judicial resources in two forums;

(5) the lessened possibility of inconsistent results;

(6) whether the state court would be better able to handle issues of State law;

(7) the expertise of the Bankruptcy Court;

(8) the degree of relatedness or remoteness to the main bankruptcy case;

(9) prejudice to involuntarily removed parties;

(10) whether the case involves forum shopping;

(11) the burden on the Bankruptcy Court's docket; and

(12) considerations of comity.[64]

This Court will now analyze each of the twelve factors. Here, all parties and property are located in Harris County. Thus, the first factor weighs against remand as all parties are located within the Houston Division of the Southern District of Texas, so forum non conveniens is inapplicable.

As to the second factor, Defendants Choudhri and Jetall are each non-debtor parties. While Plaintiff is a non-debtor, Plaintiff owns 100% of the membership interests of the Debtor. Thus, the presence of non-debtors technically weighs in favor of remand under the second factor,

---

[63] *In re Montalvo*, 559 B.R. 825, 836 (Bankr. S.D. Tex. 2016); *see also In re Treyson Dev., Inc.*, No. 14–70256, 2016 WL 1604347, at *19 (Bankr. S.D. Tex. Apr. 19, 2016).

[64] *Id.* at 836 (*citing Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984), and *In re U.S. Brass Corp.*, 173 B.R. 1000, 1005 (Bankr. E.D. Tex. 1994)).

but it is not persuasive in light of Plaintiff's ownership interest. Thus, this factor is neutral.

The third factor is whether the case should be tried as a whole in state court. The majority of Plaintiff's arguments frame his claim as a dispute over breach of contract claims. However, the West Loop Lawsuit, like the Rivercrest Lawsuit, turns on whether this Court's May 22, 2018 Order approving the Forbearance Agreement was valid or whether it was, as alleged in the Supplemental Petition, obtained by fraud.[65] Additionally, the heart of this dispute involves the interpretation of that Order and the Forbearance Agreement and how the releases therein should be interpreted. The interpretation of the Forbearance Agreement between Plaintiff and Defendants is not in dispute. The Court applied the Forbearance Agreement's provisions when it issued the May 22, 2018 Order. Any interpretive disputes were resolved by the Order and this Court is more than capable of interpreting and enforcing its own Order. As such, the third factor weighs against remand.

As to the fourth and fifth factors, the duplicative and uneconomic effect of judicial resources in two forums and lessened possibility of inconsistent results, Plaintiff's Motion to Remand is silent.[66] However, as pointed out by Defendants, the Court's handling of the interrelated issues in the Rivercrest Lawsuit, the West Loop Lawsuit, and the Defendants' motion for contempt will, furthermore, ensure that the parties are not subjected to duplicative litigation efforts and potentially inconsistent rulings from the state court.[67] Allowing a state court to decide the West Loop Lawsuit has potential to impact this Court's disposition of the chapter 11 case in interpreting its prior rulings. Furthermore, there is no evidence demonstrating that the state court suit has progressed to a point such that the advancement of the case in this Court would have any duplicative or uneconomic effect. Thus, the fourth and fifth factors weigh

---

[65] *See* 20-3398, ECF No. 1-12.
[66] 20-3395, ECF No. 12.
[67] 20-3398, ECF No. 12; 20-3395, ECF No. 16.

against remand.

The sixth factor is whether the state court would be better able to handle issues of state law. As discussed, by collaterally challenging the validity of the Forbearance Agreement, Plaintiff has also placed squarely at issue this Court's Order dismissing the chapter 11 case in express reliance on the Forbearance Agreement. As such, an interpretation of this Court's order is not a matter of state law. The sixth factor weighs against remand.

Regarding the expertise of the bankruptcy court, the seventh factor, this Court is well-equipped to adjudicate this matter. The undersigned Judge has a wealth of experience in adjudicating adversary proceedings and there is no evidence demonstrating that this Court cannot resolve the matter as easily as the state court. Therefore, the seventh factor is neutral.

Next, as discussed, this matter brings the Court's original May 22, 2018 Order within "arising in or under" jurisdiction, conferring the Court with jurisdiction to interpret and enforce that Order. Therefore, in considering the degree of relatedness or remoteness of this action to the main bankruptcy case, the eighth factor weighs against remand.

As for the ninth factor, there is no evidence demonstrating that the posture of the state court suit reached a level as to prejudice Plaintiff from continuing to litigate this matter before this Court. As such, any prejudice to Plaintiff is *de minimis* and the Court finds that the ninth factor weighs against remand.

The tenth factor is whether the case involves forum shopping. Plaintiff argues that Defendants' Notice of Removal attempts to characterize the West Loop Lawsuit as flagrant and intentional violations of this Court's May 22, 2018 Order and the Court-approved Forbearance Agreement.[68] But, Plaintiff argues, Defendants neglect to mention the "general release" is

---

[68] 20-3395, ECF No. 12 at ¶ 30.

*predicated by and specifically related to the Loan Documents*.[69] Plaintiff points out that Defendants' Notice of Removal quotes the "releases and forever discharges" language of the Forbearance Agreement, but the release contained therein by its own terms only applies to defenses and claims related to "*to the payment of the obligations under the Loan Documents*."[70] Plaintiff asserts that by the terms then, the release applies only to "the extent that such offsets, defenses or claims may exist" under the Loan Documents.[71] This exclusion of important language, Plaintiff argues, is clear evidence of Defendants' attempt to forum shop. However, Plaintiff's own argument demonstrates that the true dispute lies in the interpretation of the Court's May 22, 2018 Order. As such, the tenth factor weighs against remand.

The eleventh factor is the burden on the Bankruptcy Court's docket. Although the burden on this Court's docket is always a relevant consideration, a state court docket is just as likely to bear this burden, and there is no evidence in the record indicating that this Court's docket is overly burdened. As such, the eleventh factor is neutral.

Lastly, the twelfth factor considers comity. The principle of comity does not necessarily support remanding this action to state court because, while this Court recognizes that the state court is competent in handling such a matter, there is no evidence demonstrating that the state court has substantively entertained this action. Further, this Court has a deep understanding of the parties and facts at play in light of its prior orders. As such, this factor is neutral.

In the case at bar, factors two, seven, eleven, and twelve are neutral; the remaining factors weigh against remand. As such, eight out of the twelve factors favor denial of Plaintiff's Motion to Remand. As pointed out in *In re Montalvo*, a second set of factors also apply when considering equitable remand:

---

[69] *Id.* (emphasis added).
[70] *Id.* (emphasis added).
[71] *Id.*

     (1) forum non conveniens;

     (2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court;

     (3) whether the state court has greater ability to respond to questions of state law;

     (4) the particular court's expertise;

     (5) the inefficiencies of proceedings in two forums;

     (6) prejudice to the involuntarily removed party;

     (7) comity; and

     (8) possibility of an inconsistent result.[72]

There is certainly overlap between the first and second factors for equitable remand. The Court determines that factors one, three, five, and six are sufficiently discussed above and weigh against remand. The second factor weighs against remand because there is no evidence demonstrating that the case was bifurcated during removal. Provided that the undersigned Judge has a wealth of experience in adjudicating adversary proceedings and this Court is capable of interpreting its' own prior orders, the fourth factor weighs against remand. Next, the Court again recognizes that the state court is competent in handling such a matter, but there is no evidence demonstrating that the state court has substantively entertained this action. As such, the seventh factor is neutral. Regarding the eighth factor, in consideration of Defendants' argument, the Court's handling of the interrelated issues will ensure that the parties are not subjected to duplicative litigation efforts and potentially inconsistent rulings from the state court.[73] As such, the eighth factor weighs against remand.

     In sum, the overwhelming majority of each set of factors weigh against remand.

---

[72] *In re Montalvo*, 559 B.R. at 838.
[73] 20-3398, ECF No. 12; 20-3395, ECF No. 16.

Accordingly, the Court denies Plaintiff's request to remand the West Loop Lawsuit based upon § 1334(c)(1) and § 1452(b) under the doctrine of equitable remand.

### IV.  CONCLUSION

Plaintiff George M. Lee's Motions to Remand filed on September 14, 2020[74] are denied. An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 01/14/2021.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[74] 20-3395, ECF No. 12; 20-3398, ECF No. 8.