# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BRIAR BUILDING HOUSTON LLC,** | § | **CASE NO. 18-32218** |
| | § | |
| Debtor | § | **CHAPTER 11** |
| | § | |
| **GEORGE M LEE** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 20-03398** |
| | § | |
| **MOHAMMAD ALI CHOUDHRI,** | § | |
| Defendant, | § | |
| | § | |
| And | § | |
| | § | |
| **JETALL COMPANIES, INC.,** | § | |
| Intervenor. | § | **JURY DEMANDED** |

## PLAINTIFF GEORGE M. LEE'S FIRST AMENDED COMPLAINT

Plaintiff, George M. Lee ("Plaintiff" or "Mr. Lee"), files this First Amended Complaint pursuant to Federal Rule of Civil Procedure 15 and respectfully shows this Court as follows:[1]

### I. PARTIES

1. Plaintiff George M. Lee is an individual resident of Harris County, Texas.

2. Defendant Ali Choudhri ("Defendant" and/or "Choudhri" herein.) is an individual resident of Harris County, Texas. Mr. Choudhri has made an appearance in this case and may be served through his attorneys of record, GOLD, WEEMS, BRUSER, SUES & RUNDELL, Evelyn

---

[1] For the Court's convenience and pursuant to The United States Bankruptcy Court for the Southern District of Texas Local Rule 1009-1 and the Honorable Judge Eduardo V. Rodriguez, United States Bankruptcy Judge's Court Procedure regarding amended documents, Plaintiff has attached a redline of Plaintiff's Original Petition, Jury Demand, and Request for Disclosures originally filed in the 215th District Court of Harris County, Texas compared to this Plaintiff George M. Lee's First Amended Complaint as Exhibit A due to the nature and extent of the amendments. This pleading supersedes any prior or supplemental petitions filed in state court.

I. Breithaupt, 2001 MacArthur Drive P.O. Box 6118, Alexandria, Louisiana 71307, and GUBERNICK LAW P.L.L.C., Benjamin Gubernick, 10720 West Indian School Rd. Ste. 19 PMB12, Phoenix, AZ 85037.

3.  Intervenor Jetall Companies, Inc ("Jetall") is a corporation doing business in the State of Texas. Jetall has made an appearance in this case and may be served through its attorneys of record, GOLD, WEEMS, BRUSER, SUES & RUNDELL, Evelyn I. Breithaupt, 2001 MacArthur Drive P.O. Box 6118, Alexandria, Louisiana 71307, and GUBERNICK LAW P.L.L.C., Benjamin Gubernick, 10720 West Indian School Rd. Ste. 19 PMB12, Phoenix, AZ 85037.

## II.  JURISDICTION AND VENUE

4.  This is an action for breach of a personal loan guarantee related to the real property located at 35 E. Rivercrest, Houston, Texas, 77042 (the "Rivercrest Property") which Choudhri has refused to honor.

5.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1334(b) and this Court's January 14, 2021 Memorandum Opinion.[2]

## III.  STATEMENT OF FACTS

**A. The Core Bankruptcy Matter surrounding the Briar Hollow Property.**

1.  On April 30, 2018, Briar Building Houston LLC initiated the Chapter 11 Bankruptcy Case identified as Cause No. 18-32218 in the United States District Court for the Southern District of Texas (the "Bankruptcy Matter").[3] Briar Building Houston, LLC's only asset was 50 Briar Hollow Lane, Houston, Texas 77027 (the "Briar Hollow Property"). The Briar Hollow Property was subject to that certain December 30, 2013 loan agreement, deed of trust, and

---

[2] ECF No. 19.
[3] Dkt. No. 1.

promissory note connected to the Briar Hollow Property and collectively referred to by the parties as the "Loan Documents."[4] When the Bankruptcy Matter was filed, BDFI LLC was the lender and holder of the Loan Documents.[5]

2. The Bankruptcy Matter was resolved when George Lee, Briar Building Houston, LLC and BDFI LLC entered into a document entitled "Forbearance Agreement" on or around May 11, 2018 (the "Forbearance Agreement") purporting to settle all claims between the parties as related to the Briar Hollow Property and the Loan Documents.[6] The Forbearance Agreement contained a release provision which is pertinent to this action.

3. The full language of the release contained within the Forbearance Agreement is cited below.

> 27. **Ratification: Release of Lender**. [Plaintiff] hereby ratifies, reaffirms, acknowledges, and agrees that the Loan Documents represent valid, enforceable and collective obligations of Barrower and Guarantor and that [Plaintiff] ha[s] no knowledge of any offsets, defenses or claims against Lender, or any of its subsidiaries, affiliates, officers, directors, employees, agents, attorneys, predecessors, successors or assigns whether asserted or unasserted, and neither of the [Plaintiff parties] will assert ***claims for offset or otherwise assert any claims or defenses to the payment of the obligations under the Loan Documents. To the extent that such offsets, defenses or claims may exist,*** the [Plaintiff parties] and each of its or his respective successors, assigns, parents, subsidiaries, affiliates, predecessors, employees, agents, heirs and executors, as applicable (collectively the "Releasers") jointly and severally, release and forever discharge and release Lender, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, predecessors, successors and assigns, both present and former, including Jetall Companies, Inc. and Ali Choudhri (collectively the "Lender Affiliates") of and from any and all manner of actions, causes of action, suits, debts, controversies, damages, judgments, executions, claims and demands whatsoever, asserted or unasserted, in law or in equity, which Releasors ever had

---

[4] *See* Dkt. No. 55-9, May 11, 2018 Forbearance Agreement, ¶ 2. A copy of the Forbearance Agreement is attached hereto as Exhibit B.
[5] Exhibit B, ¶ 2.
[6] Exhibit B, ¶ 27.

> or now have against Lender and/or Lender Affiliates, including, without limitation, any previously exist claim or defense whether or not properly suspected, contemplated or anticipated. The term "Lender" as used herein shall include, but shall not be limited to, its present and former officers, directors, employees, agents and attorneys.[7]

4. After the Bankruptcy Matter concluded, a subsequent dispute arose between Plaintiff, Jetall, Defendant, Brad Parker and BDFI, LLC related to, among other things, a foreclosure by BDFI LLC on the Briar Hollow Property and a breach by Jetall of a management and leasing agreement for the Briar Hollow Property. This dispute became the subject of a lawsuit filed on August 3, 2018 and removed to this Court as Adversary No. 18-03281 (the "Adversary Matter") in the Bankruptcy Matter filed by Plaintiff against BDFI, LLC, Brad Parker, Defendant, and Jetall Companies, Inc. The defendants in the Adversary Matter removed it to this Court on the basis of this Court's order approving and attaching the Forbearance Agreement.

5. Plaintiff moved to dismiss the Adversary Matter, and on January 27, 2020, this Court entered a final judgment (the "Final Order") dismissing the Adversary Matter with prejudice and reaffirming the validity of the Forbearance Agreement as valid, enforceable, and in full force and effect.

**B. Plaintiff files the Original Petition over the unrelated 35 E. Rivercrest Property.**

6. On or about August 12, 2013, Choudhri personally guaranteed Jetall's commercial contract for deed, dated August 12, 2013 (the "Contract"), to purchase the Rivercrest Property.[8]

7. The August 12, 2013 Contract was modified and extended, with the written consent and approval of Choudhri, through the last modification and extension dated October 22, 2016 (the "Modification"). The Modifications extended the maturity of the original Contract for deed to

---

[7] Exhibit B, ¶ 27, emphasis added.
[8] A copy of the contract is attached hereto as Exhibit C.

August 12, 2017, at which time the full sales price and any other outstanding amounts due and owing under the contract were due and owing.

8. Choudhri's personal guaranty of performance included all terms and amounts due under the contract.

9. The contract for deed as modified, among other obligations, required Jetall, and as a result of his guaranty, Choudhri, to make interest payments on a monthly basis, pay all property taxes when due, and pay seller a non-refundable $150,000.00 payment towards the sales price on February 12, 2017.

10. Jetall failed to timely and fully pay all monthly payments, property taxes, the $150,000.00 non-refundable payment and failed to pay Lee all amounts due and owing under the Contract by its termination date of August 12, 2017.

11. As a result of Jetall's failure to perform the Contract, Jetall and Choudhri were given written notice of default on September 5, 2017 and that the Contract had terminated by its terms and been cancelled by Plaintiff.

12. Based on the terms of the Contract and his personal guaranty, Choudhri is in material default on his guaranty in the amount of all monthly interest payments of $6,250.00, starting September 12, 2013 through August 12, 2017, with a late fee of $312.50 on each of the monthly interest payments which were all 10 or more days late, all assessed property taxes due on or before the following January 31 of each calendar year during the Contract, and the $150,000.00 nonrefundable payment due on February 12, 2017. The total amount of all sums due under the guaranty is $704,384.80.

13. On March 30, 2020, Plaintiff, in his individual capacity, filed an Original Petition, Request for Disclosure and Jury Demand (his "Original Petition") against Choudhri identified as

Cause. No. 2020-20053 in the 215th Judicial District Court of Harris County, Texas alleging the breach of a certain commercial contract for deed on the Rivercrest Property (the "Rivercrest Lawsuit").[9] The Original Petition was subsequently removed to this Court.

### IV. CAUSES OF ACTION

#### A. First Cause of Action – Breach of Guaranty

14. Plaintiff realleges each and every allegation preceding this paragraph and incorporates those allegations by reference as if fully set forth at length.

15. To support a claim for breach of a guaranty, a party must show proof of (1) the existence and ownership of a guaranty contract; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform by the guarantor. *Lee v. Martin Marietta Materials Sw., Ltd.*, 141 S.W.3d 719, 720 (Tex. App.—San Antonio 2004, no pet.).

16. In the present case there was an underlying written agreement for a loan by Plaintiff for the Rivercrest Property which Choudhri personally guaranteed. The Contract required Jetall and Choudhri to make interest payments on a monthly basis and pay all property taxes when due. It also required the payment of a non-refundable $150,000.00. Jetall did not make full and timely payments on these amounts by August 12, 2017. All proper notices of default were given.

17. Plaintiff therefore seeks damages against Choudhri for the total of all sums due under the guaranty in the amount of $704,384.80.

---

[9] Dkt. No. 56-1, Original Petition, Request for Disclosure and Jury Demand filed March 20, 2020 in Cause. No. 2020-20053 in the 215th Judicial District Court of Harris County, Texas, ¶¶ 2-5. A copy of the Original Petition is attached hereto as Exhibit D.

## B. Second Cause of Action – Petition for Declaratory Judgment

18. Texas Civil Practice and Remedies Code 37.004 provides that a person "interested under a deed, will, written contract or other writing… may have determined any question of construction or validity arising under the instrument…" TEX. CIV. PRAC. REM. CODE. 37.004(a).

19. Defendant has stated that an alleged "general release" contained in the Forbearance Agreement precludes all of Plaintiff's claims against Choudhri prior to the execution of the Forbearance Agreement, including the case at bar.

20. However, Plaintiff asserts that the alleged "general release" Choudhri relies upon is ***predicated by and specifically related to the Loan Documents***. Defendant's Notice of Removal quotes the "releases and forever discharges" language of the Forbearance Agreement,[10] but the release contained therein by its own terms only applies to defenses and claims related to ***"to the payment of the obligations under the Loan Documents***."[11] By its own terms then, the release only applies to "the extent that such offsets, defenses or claims may exist" under the Loan Documents.[12]

21. In the alternate, Plaintiff argues that the events and circumstances surrounding the execution of the Forbearance Agreement show that it was the clear intent of the parties to only release all claims as related to the Briar Hollow Property, and not to release Choudhri and his associated entities from any and all claims, including those completely unrelated to the Bankruptcy Matter.

22. Therefore, Plaintiff seeks a declaratory judgment determining the that scope of the "general release" contained in the Forbearance Agreement only applies to "the extent that such

---

[10] *Id.*
[11] Exhibit B, ¶ 27, emphasis added.
[12] *Id.*

offsets, defenses or claims may exist" under the Loan Documents.[13], and **not** to unrelated claims involving the same parties.

## V. DEMAND FOR ATTORNEYS' FEES

23. Plaintiff requests the award of his attorneys' fees as are reasonable, just and equitable under Texas Civil Practice and Remedies Code Section 37.001 *et seq.*

## VI. DEMAND FOR JURY TRIAL

24. Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief and judgment following a trial by jury:

(a) Actual damages;

(b) Exemplary damages;

(c) Court costs;

(d) Prejudgment and post-judgment interest at the rate of 5% per annum;

(e) Attorneys' fees;

(f) That the Court enter a take nothing judgment for Defendants; and

(g) And all other relief, in law and in equity, to which Plaintiff may be entitled.

Dated: February 1, 2021.

Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Attorney-In-Charge
Federal Bar No. 690068/Texas State Bar No. 24056361
Roger B. Greenberg

---

[13] Exhibit B, ¶ 27.

                    Federal Bar No. 3932/Texas State Bar No. 08390000
                    Zachary A. Clark
                    Federal Bar No. 3087665/Texas State Bar No. 24097502
                    Allen Landon
                    Federal Bar No. 3028753/ Texas State Bar No. 24091870
                    50 Briar Hollow Ln., Suite 370 West
                    Houston, Texas 77027
                    Telephone: (713) 892-5400
                    Fax: (713) 892-5401
                    Email: sponsel@smglawgroup.com
                    Email: roger@smglawgroup.com
                    Email: zachary.clark@smglawgroup.com
                    Email: allen.landon@smglawgroup.com
                    Email: zachary.clark@smglawgroup.com
                    ***Counsel for George M. Lee***

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021, I caused the foregoing Plaintiff George M. Lee's First Amended Complaint to be electronically field with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List as listed below:

GOLD, WEEMS, BRUSER, SUES & RUNDELL
Evelyn I. Breithaupt (TBN: 24073951)
2001 MacArthur Drive
P.O. Box 6118
Alexandria, Louisiana 71307
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: ebreithaupt@goldweems.com

GUBERNICK LAW P.L.L.C.
Benjamin Gubernick
10720 West Indian School Rd. Ste. 19 PMB12
Phoenix, AZ 85037
Telephone: 734-678-5169
Email: ben@gubernicklaw.com

*/s/ Thane Tyler Sponsel III*  
Thane Tyler Sponsel III