

# Exhibit 1

3/30/2020 1:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42003442
By: Carolina Salgado
Filed: 3/30/2020 1:51 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **GEORGE M. LEE**<br>Plaintiff | § § § § | **IN THE DISTRICT COURT OF** |
| VS. | § § | **HARRIS COUNTY, TEXAS** |
| **MOHAMMAD ALI CHOUDHRI,**<br>Defendant | § § § | _____**JUDICIAL DISTRICT** |

### PLAINTIFF GEORGE M. LEE'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND

Plaintiff, George M. Lee ("Plaintiff" or "Lee"), files this Original Petition, Request for Disclosure and Jury Demand complaining of Defendant, Mohammad Ali Choudhri and would respectfully show this Court as follows:

### DISCOVERY PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff, George M. Lee (Lee), is an individual living and working in Harris County Texas.

3. Defendant, Mohammad Ali Choudhri (Choudhri), is a natural person who may be served with citation and a copy of this original petition by serving him at his place of business, Jetall Companies, 1001 West Loop South, Ste. 700, Houston, Texas, 77027.

## VENUE AND JURISDICTION

4. Venue is proper in Harris County, Texas, pursuant to Texas Civil Practices and Remedies Code Sections 15.002(a) (1) and (2) because a substantial part of the events or omissions giving rise to the claim occurred in Houston, Harris County, Texas, and Defendant, Choudhri, resides and maintains his principal office in Houston, Harris County, Texas. This Court has jurisdiction over this case because the amount in controversy is within the Court's minimum jurisdictional limits. Counter-Plaintiff seeks monetary relief of over $200,000.00 but not more than $1,000,000.00.

## FACTS

5. On or about August 12, 2013, Choudhri personally guaranteed the performance of Jetall Companies, Inc. (Jetall) of a commercial contract for deed, dated August 12, 2013 (Contract), to purchase the real property commonly known as 35 E. Rivercrest, Houston, Texas. The August 12, 2013 Contract was modified and extended, with the written consent and approval of Choudhri, through the last modification and extension dated October 22, 2016 (Modification). The Modifications extended the maturity of the original Contract for deed to August 12, 2017, at which time the full sales price and any other outstanding amounts due and owing under the contract were due and owing. Choudhri's personal guaranty of performance included all terms and amounts due under the contract. The contract for deed as modified, among other obligations, required Jetall, and as a result of his guaranty, Choudhri, to make interest payments on a monthly basis, pay all property taxes when due, and pay seller a non-refundable $150,000.00 payment towards the sales price on February 12, 2017. Jetall failed to timely and fully pay all monthly payments, property taxes, the $150,000 non-refundable payment and failed to pay Lee all amounts due and owing

2

under the Contract by its termination date of August 12, 2017. As a result of Jetall's failure to perform the Contract, Jetall and Choudhri were given written notice of default on September 5, 2017 and that the Contract had terminated by its terms and been cancelled by Plaintiff. Based on the terms of the Contract and his personal guaranty, Choudhri is in material default on his guaranty in the amount of all monthly interest payments of $6,250, starting September 12, 2013 through August 12, 2017, with a late fee of $312.50 on each of the monthly interest payments which were all 10 or more days late, all assessed property taxes due on or before the following January 31 of each calendar year during the Contract, and the $150,000.00 nonrefundable payment due on February 12, 2017. The total amount of all sums due under the guaranty is $704,384.80.

## CAUSES OF ACTION

6. Lee incorporates paragraphs 4-5 in support of this cause of action. Choudhri has breached his agreement of guaranty which has resulted in Lee suffering damages in the amount o $704,384.80. Additionally, Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to the guaranty agreement and Chapter 38 of the Texas Civil Practices and remedies Code.

## DEMAND FOR JURY TRIAL

7. Plaintiff demands a trial by jury and tenders the appropriate fee contemporaneous with this filing.

## REQUEST FOR DISCLOSURES

8.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose within fifty (50) days of service of this request, the information and/or material in Rule 194.2(a)(b)(c)(d)(e)(f)(g)(h) and (i).

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to answer and appear herein and that, upon a final trial hereof, Plaintiff recover of and from the Defendant damages as determined at trial, reasonable and necessary attorney's fees, pre and post judgment interest, altogether with all costs which have been incurred and expended herein and for such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

THOMAS L. HUNT & ASSOCIATES

_____
THOMAS L. HUNT
SBN 10289600
5353 West Alabama, Suite 605
Houston, Texas  77056
(713) 977-3447 - Telephone
(713) 490-3359 - Facsimile
tom@thomaslhuntassociates.com
**ATTORNEY     FOR     PLAINTIFF,
GEORGE LEE**

4