IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRIAR BUILDING HOUSTON LLC, | § | CASE NO. 19-33423 |
| | § | |
| Debtor | § | CHAPTER 11 |
| | § | |
| GEORGE M LEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-3398 |
| | § | |
| MOHAMMAD ALI CHOUDHRI, | § | |
| Defendant, | § | |
| | § | |
| And | § | |
| | § | |
| JETALL COMPANIES, INC., | § | |
| Intervenor. | § | |

**PLAINTIFF'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6), MOTION TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f), AND MOTION FOR A MORE DEFINITE STATEMENT OF <u>CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(e)</u>**

---

**NOTICE PURSUANT TO LOCAL RULE 9013**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Plaintiff George M. Lee ("Plaintiff") comes before this Court and hereby files this Plaintiff's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), Motion to Strike under Federal Rule of Civil Procedure 12(f), Motion for a More Definite Statement of Claims under Federal Rule of Civil Procedure 12(e) (Plaintiff's "Motion to Dismiss"), requesting that the Court dismiss certain causes of action, without the opportunity to amend, and/or require repleading of specified portions of the Ali Choudhri ("Choudhri") and Intervenor Jetall Companies, Inc.'s ("Jetall") ("collectively the "Defendants") Counterclaims (the "Counterclaims") to Plaintiff George M. Lee's First Amended Complaint (the "Complaint"), under Federal Rules of Civil Procedure 12(b)(6), 12(f) and 12(e), and in support thereof would show unto the Court as follows:

## I.   Summary of Motion to Dismiss

1. Plaintiff moves for this Court to dismiss Defendants' First, Second, and Third Counterclaims under Federal Rule of Civil Procedure 12(b)(6) because the sections of the Texas Property Code that these claims rely on expressly does not apply to the underlying transaction as a matter of law, a fact reflected in the underlying documents. Plaintiff similarly moves to dismiss Defendants' Fourth Counterclaim because the Texas Deceptive Trade Practices Act expressly excludes applicability in the case-at-bar.

2. Plaintiff further moves to strike Defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f) for failure to meet well-established pleading standards requiring more than a mere perfunctory statement that a given doctrine applies.

3. Last, Plaintiff moves Defendants to more definitively plead their Eighth Counterclaim under Federal Rule of Civil Procedure 12(e).

## II. Argument and Authorities

**A. Defendants' First, Second, and Third Counterclaims should be dismissed because Chapter 5 of the Texas Property Code does not apply to the present transaction as a matter of law.**

4. Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The watershed case of *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) held that Rule 12(b)(6) must be read in conjunction with Rule 8(a), requiring a "short and plain statement of the claim," to require a complaint to contain "enough facts to state a claim that is plausible on its face. *Id.* at 570. When deciding a motion for failure to state a claim, the courts generally must limit their inquiry into the facts stated in the complaint and the documents attached to or incorporated into the same; however, a reviewing court may also consider the terms of contractual documents attached to the pleadings when those contracts are central to the parties' claims and assessing the motion to dismiss. *See Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

5. Defendants' First, Second, and Third causes of action raised in their Counterclaims are all brought under Chapter 5 of the Texas Property Code.[1] The sections referenced in these counterclaims in the Texas Property Code[2] were specifically passed to curtail the abusive monetary policies for residential property for those who did not have access to traditional mortgage financing. Senate Comm. on Int'l Relations, Trade & Tech., Bill Analysis, Tex. S.B. 336, 74th

---

[1] Dkt. No. 25, pages 4-6. ¶¶ 1-24.
[2] TEX. PROP. CODE §§ 5.069, 5.070, 5.077, respectively.

3

Leg., R.S. (1995); House Comm. on Bus. & Indus., Bill Analysis, Tex. S.B. 336, 74th Leg., R.S. (1995); *see also* Act of May 24, 1995, 74th Leg., R.S. Ch. 994, § 1, 1995 Tex. Gen. Laws 4982.

6. Texas courts have held that "the protections enumerated within the provisions of Subchapter D do not apply to every contract for deed." *Ferrara v. Nutt*, 555 S.W.3d 227, 240 (Tex. App.—Houston [1st Dist.] 2018, no pet.). The language of the statute reflects this limited scope, applying only to:

> "a transaction involving an executory contract for the conveyance of real property used or to be used as the *purchaser's residence or as the residence of a person related to the purchaser*… For purposes of this subchapter, and only for the purposes of this subchapter:
>
> (1) *a lot measuring one acre or less is presumed to be residential property*..." [3]

7. It is true that generally, for the purposes of a 12(b)(6) motion, the allegations contained in the Counterclaims are to be taken as true. However, when a claimant's allegations directly contradict language in a contract that formed the basis for a lawsuit, the court need not give credence to those allegations. *See Gant v. Wallingford Board. of Educ.*, 69 F.3d 669, 674 (2d Cir.1995) (" '[I]f the appended document ... reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.' ") (*quoting Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974)); *TufAmerica, Inc. v. Diamond*, 968 F.Supp.2d 588, 592 (S.D.N.Y.2013) ("If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true.") (internal quotation marks omitted).

8. The underlying documents made the basis of Plaintiff's claims reflect that the parties intentionally excluded the conveyance of the 35 E. Rivercrest, Houston, Texas, 77042 (the

---

[3] TEX. PROP. CODE § 5.062, emphasis added.

4

"Rivercrest Property") from the protections of Chapter 5 of the Texas Property Code. The Rivercrest Property is, quite simply, a commercial building that is not used for residential purposes whatsoever. The Contract for Deed (the "Contract") identifies the Rivercrest Property as consisting of 3.489 acres.[4] In the Contract, Jetall, a commercial property ownership company, *specifically warranted that the Rivercrest Property was to be used "solely for business or commercial purposes..."*[5] The language is even more specific, with Defendants asserting that "Buyer acknowledges that the Property is not habitable on the date hereof" and that Jetall, and by extension Choudhri, the guarantor, "represents and warrants that Buyer… and anyone related to them within the second degree by consanguinity or affinity *WILL NOT use the Rivercrest Property as a residence nor occupy the Property*."[6] In fact this language is so specific it tracts verbatim the language of Texas Property Code § 5.062(a). *See* TEX. PROP. CODE § 5.062.

9.     While Defendants plead that the Rivercrest Property is a residential property, this assertion directly contradicts the language of the underlying contract and may be properly disregarded. *Associated Builders, Inc.* 968 F.Supp.2d at 592. Nor is this the kind of issue that can be cured by an opportunity to amend; no matter what Defendants plead, the language of the contract is unambiguous and preclusive of any claim under Texas Property Code Chapter 5. Though Defendants may argue Section E(19) of the Contract is "void" under Texas Property Code Section 5.073(b), that section only provides that "a provision in an executory contract *that purports to waive a right or exempt a party from liability or duty under this subchapter* is void." TEX. PROP. CODE 5.073(b)(emphasis added). Section E(19) of the Contract is not a waiver of liability or duty, but rather one of the factual recitations, warranties, and representations forming the consideration

---

[4] *See* August 12, 2013 Contract for Deed and subsequent agreements, Dkt No. 24-3 page. 4. A copy of the Contract for Deed and subsequent agreements attached hereto as <u>Exhibit A</u>.
[5] <u>Exhibit A</u>, page 4, ¶ 1, emphasis added.
[6] *Id.,* emphasis added.

5

for the underlying contract itself. The plain language of the statute thus preempts such an attempted defense by Defendants.

10. Therefore, because the Contract at issue in the present case specifically places itself outside of the confines of the protections of TEX. PROP. CODE §§ 5.069, 5.070, 5.077, respectively, and these claims cannot sound in Texas in the case-at-bar as a matter of law. *See Ferrara* 555 S.W.3d at 240.

### B. Defendants' Fourth Counterclaim should be dismissed because it is expressly excluded from the ambit of the Texas Deceptive Trade Practices Act (the "DTPA") as a matter of law.

11. Defendants bring their Fourth counterclaim against the Plaintiff under the Texas Deceptive Trade Practices Act (the "DTPA")."[7] TEX. BUS. & COM. CODE § 17.41, *et seq.*

12. However, the DTPA expressly excludes from its coverage "a cause of action arising from a transaction, a project, or a set of transactions relating to the same *project involving total consideration by the consumer of more than $500,000.00*, other than a cause of action involving the consumer's residence." TEX. BUS. & COM. CODE § 17.49(g).

13. Here, the plain language of the Contract reveals that the underlying consideration for the transaction was, at a minimum, $1,500,000.00.[8] Additionally, as articulated in paragraphs 4 – 10, *supra,* the underlying Contract made the basis for the present suit specifically disclaims and disavows any residential use of the Rivercrest Property whatsoever. The plain language of the underlying contract thus places the transaction involving the Rivercrest Property outside the protections of the DTPA as a matter of law.

### C. Additionally, and/or in the alternative, the Court should strike Defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f) because Defendants did not plead sufficient facts in support of them.

---

[7] Dkt. No. 25, ¶ 25.
[8] Exhibit A, page 1.

14. Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. PRO. 12(f). Under Federal Rule of Civil Procedure 8(c), a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced, the so called "fair notice" standard. FED. R. CIV. PRO. 8(c); *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)); *see also Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *1 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.) (holding that affirmative defenses are subject to the fair notice standard).

15. In paragraphs 1 – 15, Defendants plead fifteen (15) separate affirmative defenses. While slightly varied, each is a brief iteration of "Plaintiffs claims are barred, in full or in part, by the doctrine of offset."[9] Each of these is a bare recital of the affirmative defense, without even an attempt to specify the applicability of each of these defenses to the facts of the case-at-bar. Other courts in the Southern District of Texas have held that when a defendant does not plead with specificity how the affirmative defense doctrine applies to the plaintiff's claim, it should be struck. *See Joe Hand Promotions, Inc. v. Izalco, Inc.,* No. H-16-3696, 2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017) (Miller, J., presiding).

16. Therefore, because these bare statements of law are unmoored to any factual basis to provide Plaintiff with sufficient notice to adequately prosecute his claims, Plaintiff requests that the Court dismiss Defendants' affirmative defenses in their entirety.

**D. Additionally, and/or in the alternative, Plaintiff moves that Defendants be required to re-plead their affirmative defenses and certain causes of action under Federal Rule of Civil Procedure 12(e) because they are so vague and ambiguous that Plaintiff cannot reasonably prepare a response.**

---

[9] Dkt. No. 25, ¶ 11.

17. Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Under the well-established standard in *Bell Atlantic Corp. v. Twombly*, a mere formulaic recitation of the elements of a cause of action will not suffice. 550 U.S. 544, 555 (2007). Under well-established United States Supreme Court precedent, mere "naked assertions devoid of further factual enhancement" is similarly insufficient to satisfy the pleading requirements of Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); FED. R. CIV. P. 8. If they do not, Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. PRO. 12(e).

18. First, as stated above,[10] Defendants' bare recitals that a given affirmative defense applies to negate Plaintiff's claims, absent anything else, fails to meet the pleading standard as articulated under *Twombly* and *Iqbal*. Therefore, as alternate relief, Plaintiff requests that Defendants be required to plead their claims with sufficient particularity to meet these well-established standards under Federal Rule of Civil Procedure 12(e).

19. Second, Defendants' Eighth Counterclaim, requesting a declaratory judgment that Plaintiff has waived liquidated damages, only states that Defendants "are entitled to a declaratory judgment finding that [Plaintiff has] waived any right to liquidated damages" under the contracts at issue.[11] But this Eighth Counterclaims fails to specify as to *how* Lee has waived any right to liquidated damages, leaving Plaintiff to speculate endlessly as to what actions they have taken to allegedly waive said right. This makes it impossible for Plaintiff to adequately respond to Defendants' Eighth Counterclaim. For that reason, Plaintiff asks the Court to require the

---

[10] ¶¶s 14-16.
[11] Dkt. No 25, ¶ 46.

Defendants to specifically plead facts indicating how Plaintiff has waived the right to enforce the liquidated damages of the contracts made the basis for the current claims.

### *Prayer*

Therefore, for the forgoing reasons, Plaintiff prays that this Court: (i) dismiss Defendants' First, Second, and Third Counterclaims under Federal Rule of Civil Procedure 12(b)(6); (ii) dismiss Defendants' Fourth Counterclaim under Federal Rule of Civil Procedure 12(b)(6); (iii) strike Defendants' affirmative defenses raised in their Original Answer to Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(f); (iv) additionally, and/or in the alternative, require Defendants to more specifically plead the affirmative defenses and their Eighth Counterclaim as required herein under Federal Rule of Civil Procedure 12(e); and (v) afford Plaintiff any other relief to which he might be entitled to at law or in equity.

Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Attorney-In-Charge
Federal Bar No. 690068
Texas State Bar No. 24056361
Zachary Clark
Federal ID No. 3087665
Texas State Bar No. 24097502
50 Briar Hollow Ln., Suite 370 West
Houston, Texas 77027
Telephone: (713) 892-5400
Fax: (713) 892-5401
Email: sponsel@smglawgroup.com
Email: zachary.clark@smglawgroup.com

*Counsel for Plaintiff*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of March 2021, I electronically transmitted the attached ***Plaintiff's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), Motion to Strike under Federal Rule of Civil Procedure 12(f), and Motion or a More Definite Statement of Claims under Federal Rule of Civil Procedure 12(e)*** to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

GOLD, WEEMS, BRUSER, SUES & RUNDELL
Evelyn I. Breithaupt (TBN: 24073951)
2001 MacArthur Drive
P.O. Box 6118
Alexandria, Louisiana 71307
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: ebreithaupt@goldweems.com

GUBERNICK LAW P.L.L.C.
Benjamin Gubernick
10720 West Indian School Rd. Ste. 19 PMB12
Phoenix, AZ 85037
Telephone: 734-678-5169
Email: ben@gubernicklaw.com

***Counsel for Defendants***

                                                      */s/Thane Tyler Sponsel III*
                                                      Thane Tyler Sponsel III