IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BRIAR BUILDING HOUSTON, LLC, | § | CASE NO. 18-32218 |
|     Debtor | § | CHAPTER 11 |
| | § | |
| _____ | § | |
| | § | |
| GEORGE M. LEE, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-03398 |
| | § | |
| ALI CHOUDHRI, *et al.* | § | |
|     Defendants | § | |
| | § | |

### DEFENDANT ALI CHOUDHRI AND INTERVENOR JETALL COMPANIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

Defendant Ali Choudhri ("Choudhri") and Intervenor Jetall Companies, Inc. ("Jetall") (collectively, "Defendants") file the following Answer to Plaintiff George M. Lee's ("Plaintiff") "Motion to Dismiss Under Federal Rules [sic] of Civil Procedure 12(b)(6), Motion to Strike Under Federal Rule of Civil Procedure 12(f), and Motion for a More Definite Statement of Claims Under Federal Rule of Civil Procedure 12(e)" (Dkt. No. 26, the "Motion"). As explained below, the Motion warrants denial.

### I.     BACKGROUND

On August 12, 2013, Defendants entered a contract for deed with Plaintiff for a house in Houston, Texas. *See* Dkt. No. #25, Defendants' Answer to Plaintiff's First Amended Complaint (the "Answer"), at page 4, ¶¶ 3-6. Choudhri intended to reside in the house. *Id*. at page 4, ¶ 6. Defendants never took possession of the house; to the contrary, Plaintiff retained possession of the property, and still has the property today. *Id*. at page 4, ¶ 9. Since entering the contract, Defendants have, however, made approximately $800,000 in installment payments to Plaintiff. *Id*. at page 4, ¶ 8.

1

On February 1, 2021, Plaintiff filed a First Amended Complaint in this Court seeking actual damages based on Defendant's purported failure to pay all money owed under the contract. *See* FAC at ¶ 17.

On March 1, 2021, Defendants counterclaimed, seeking primarily restitution on several theories, including Plaintiff's failure to comply with various provisions of Chapter 5 of the Texas Property Code.

## II.   LEGAL STANDARD

In the Fifth Circuit, "[a] motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted." *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 577 (N.D. Tex. 2005). *See also*, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). All well-pleaded factual allegations in the complaint must be taken as true, and viewed in the light most favorable to the non-movant. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Thus, to defeat a Rule 12(b)(6) motion to dismiss, a plaintiff need only "nudge … their claim across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007).

The Fifth Circuit applies a "relaxed notice pleading standard[]" to affirmative defenses "to prevent parties from being defaulted for committing technical errors." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Accordingly, a defendant need only "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id*. "[I]n some cases, merely pleading the name of the affirmative defense … may be sufficient." *Id*. See also, *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 150 (S.D. Miss. 2018) ("The text of Rules 8(a), (b), and (c) reflects clear differences with respect to the purposes of complaints and responsive pleadings and the showings they require."). Although a plaintiff may motion to strike an affirmative defense under Federal Rule of Procedure 12(f), such a motion to strike is generally disfavored[.]" *U.S. ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418 (S.D. Tex. 2014)

2

### III.    ARGUMENT

**A. Plaintiff's Request for Dismissal of Defendant's First, Second, and Third Counterclaims Lacks Merit.**

Plaintiff first contends he is entitled to dismissal with prejudice of Defendant's counterclaims involving Chapter 5 of the Texas Property Code. Plaintiff's argument relies entirely on his assertion that the contract for deed at issue "intentionally excluded the conveyance of the 35 E. Rivercrest, Houston, Texas, 77042 … from the protections of Chapter 5 of the Texas Property Code." Pl. Mot. at ¶ 8.

But such attempted exclusions are invalid under the Texas Property Code. Section 5.073(b) expressly voids any "provision of the executory contract that purports to waive a right or exempt a party from a liability or duty" under Chapter 5. Tex. Prop. Code § 5.073(b). Puzzlingly, Plaintiff even acknowledges that the contractual language he relies on is designed to exempt Lee from Chapter 5. *See, e.g.*, Pl. Mot. at ¶ 8 (noting that the waiver language in the contact for deed "is so specific it tracts verbatim the language of Texas Property Code § 5.062(a)"). That concession is alone sufficient to defeat Plaintiff's motion.

Lee's offers exactly one argument against Section 5.073(b)'s application: the claim that the language in the contract "is not a waiver of liability or duty, but rather one of the factual recitations, warranties, and representations forming the consideration for the underlying contract itself." Pl. Mot. at ¶ 9. However, Plaintiff does not even attempt to explain how a prohibited "provision … that purports to waive a right or exempt a party from a liability or duty" under Chapter 5, Tex. Prop. Code § 5.073(b), differs from a "factual recitation[]," "warrant[y]," or "representation[]". Moreover, and unsurprisingly, Plaintiff's argument is devoid of citation to legal authority.

It bears emphasis: Lee's formulation would effectively gut Chapter 5. A seller wishing to circumvent the property code's protections could simply prefix an otherwise unenforceable provision with the word "warranty," or the phrase "factual recitation." Through that alchemy, all single-family homes like the one at issue here (*see* https://www.har.com/homedetail/35-e-rivercrest-dr-houston-tx-77042/11872132) could become, merely because the contract says so,

3

"commercial building[s] that [are] not used for residential purposes whatsoever." Pl. Mot. at ¶ 8. The law does not countenance such subterfuge.

Plaintiff is correct that not all contracts for deed meet Chapter 5's residential property requirements. *See* Pl. Mot. at ¶ 6 (citing *Ferrara v. Nutt*, 555 S.W.3d 227, 240 (Tex. App.—Houston [1st Dist.] 2018, no pet.). But Texas case law likewise makes clear that the inquiry is factual, turns on the purchaser's subjective intent, and generally requires a jury determination. For example, as the court in *Marker v. Garcia*, 185 S.W.3d 21, 27 (Tex. App. 2005) explained:

> We acknowledge that the Garcias' simple statements of intent may be too weak to convince a jury that they intended to use the property as a residence even under the forward-looking "to be used" standard adopted by the Legislature. In the summary judgment context, however, we are required to consider the evidence in the light most favorable to the non-movant.

Indeed, even *Ferrara* proceeded to verdict in the absence of any evidence beyond the plaintiff's statement of intent that he intended to move back to the property. 555 S.W.3d at 239.

Whether, in the present matter, Defendants ultimately prevail at trial is beside the point. Drawing all factual inferences in their favor, as the Court must at this stage, Lee's Motion should be denied.

### B. Plaintiff's Challenge to Defendants' Fourth Counterclaim Fails.

Lee argues that Defendant's Texas Deceptive Trade Practices Act ("DTPA") counterclaim is barred because "the underlying Contract made the basis for the present suit specifically disclaims and disavows any residential use of the Rivercrest Property whatsoever." Pl. Mot. at ¶ 13. But as discussed in the previous section, that portion of the contract is void under Section 5.073(b) as a matter of law, and Choudhri's allegation that he intended to reside at the property is sufficient to state a claim.

### C. The Court should Reject Plaintiff's Rule 12(f) Arguments.

Plaintiff demands that he Court strike all of Defendants' affirmative defenses because they are "bare statements of law are unmoored to any factual basis to provide Plaintiff with sufficient notice to adequately prosecute his claims." Pl. Mot. at ¶ 16. Plaintiff misunderstands the purpose and application of Rule 12(f).

4

A plaintiff may move to "strike from a pleading an insufficient defense[.]" Fed. R. Civ. P. 12(f). However, "an affirmative defense's sufficiency under Rule 12(f) generally relates to *legal* sufficiency and not whether the defense was pleaded with sufficient factual detail." *Blount*, 328 F.R.D. at 150 (emphasis original). Thus, "the 'insufficient defense' language in Rule 12(f) has traditionally been read to allow challenges to the legal sufficiency of an asserted defense …. as opposed to whether the defense 'contain[s] sufficient factual matter.'" *Citizens Med. Ctr.*, 302 F.R.D. at 419 (citing *Iqbal*, 556 U.S. at 678).

In the present matter, "[Lee] has not shown that the defenses 'cannot, as a matter of law, succeed under any circumstance.'" *Blount*, 328 F.R.D. at 151 (citing *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). Moreover, although Plaintiff avails generally that the Answer's affirmative defenses lack sufficient factual detail to give him fair notice, he does not challenge any of them in particular. See *Woodfield*, 193 F.3d at 362 ("[I]n some cases, merely pleading the name of the affirmative defense … may be sufficient."). "Nor has [Lee] demonstrated the type of prejudice that would require the drastic remedy of striking a defense, especially when the parties have conducted no discovery." *Blount*, 328 F.R.D. at 151. Additionally, Lee can hardly claim ignorance about the basis for all the affirmative defenses—Defendants already moved for summary judgment based on judicial estoppel and waiver in state court, prior to this action's removal.

Nonetheless, Lee argues that the Court should disregard Fifth Circuit precedent and apply the following rule instead: "when a defendant does not plead with specificity how the affirmative defense doctrine applies to the plaintiff's claim, it should be struck." Pl. Mot. at ¶ 15. But the one case Plaintiff cites for that proposition—*Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017)—says no such thing. And in any event, *Joe Hand Promotions* is an unpublished opinion that was not served on Defendant and the Court as required by Section VI(e)(2) of the Court Procedures.

**D. Plaintiff's Rule 12(e) Arguments Warrant Denial.**

Plaintiff moves for order requiring Defendants to re-plead their affirmative defenses "with sufficient particularity to meet these well-established standards under Federal Rule of Civil Procedure 12(e)." Pl. Mem. at ¶ 18. Plaintiff also requests similar relief related to Defendants' eight counterclaim. *Id*. at ¶ 19.

To start with, Plaintiff's argument that Defendants' affirmative defenses "fail[] to meet the pleading standard as articulated under *Twombly* and *Iqbal*," Pl. Mot. at ¶ 18, is erroneous. That is because, in the Fifth Circuit, "nearly every recent case … has concluded that *Woodfield* survived *Twombly*." *Blount*, 328 F.R.D. at 149. And as discussed above, Defendants' affirmative defenses are adequately pled under *Woodfield*.

As to Defendants' eighth cause of action, which seeks a declaratory judgment that Plaintiff has waived his right to liquidated damages, Plaintiff complains that he is left to "speculate endlessly as to what actions they [sic] have taken to allegedly waive said right." Pl. Mot. at 8. But the Answer does state the theory underlying the claim: by seeking actual damages, Plaintiff waived his right to seek liquidated damages. Answer at page 8, ¶ 47. That result follows because, under Texas law, a liquidated damages provision can only be enforced if "the harm caused by the breach is incapable or difficult of estimation." *Advance Tank & Const. Co. v. City of DeSoto*, 737 F. Supp. 383, 384 (N.D. Tex. 1990). Here, Plaintiff claims to know, down to the penny, how much money he is owed in actual damages. Although Plaintiff is wrong and has not in fact suffered any actual damages, he may not take that position and then later claim that actual damages are unknowable or difficult to estimate. Accordingly, he has waived liquidated damages.

**E. Request for Leave to Amend.**

If the Court grants the Motion in any respect, Defendants respectfully request leave to file an amended answer or counterclaims. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

6

## IV.  CONCLUSION

For the foregoing reasons, the Motion should be denied. But to the extent it is granted, Defendants should be given leave to amend.

> Respectfully submitted,
>
> **GUBERNICK LAW P.L.L.C**.
>
> By:  */s/ Benjamin Gubernick*
> Benjamin Gubernick (admitted *pro hac vice*)
> AZ Bar: 034599. CA Bar: 321883. NM Bar: 145006
> ben@gubernicklaw.com
> 10720 West Indian School Rd Ste 19
> PMB 12
> Phoenix, AZ 85037
> Telephone: (734) 678-5169
>
> **GOLD, WEEMS, BRUSER, SUES & RUNDELL**
>
> By:  */s/ Evelyn I. Breithaupt*
> Evelyn I. Breithaupt (Texas Bar No. 24073951)
> 2001 MacArthur Drive
> P.O. Box 6118
> Alexandria, Louisiana 71307
> Telephone: (318) 445-6471
> Facsimile: (318) 445-6476
> Email: ebreithaupt@goldweems.com

**ATTORNEYS FOR DEFENDANT, ALI CHOUDHRI, AND INTERVENOR, JETALL COMPANIES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021 I caused the foregoing Defendant Ali Choudhri and Intervenor Jetall Companies, Inc.'s Opposition to Plaintiff's Motion to Dismiss to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List as listed below:

Thane Tyler Sponsel, III
Sponsel Miller Greenberg PLLC
50 Briar Hollow Lane
Suite 370 West
Houston, TX 77027
sponsel@smglawgroup.com

Thomas L Hunt
Thomas L Hunt & Associates
4635 Southwest Fwy
Ste 900
Houston, TX 77027
tom@thomaslhuntassociates.com

Alexandria, Louisiana, this 12th day of April, 2021.

*/s/ Evelyn I. Breithaupt*
OF COUNSEL