IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRIAR BUILDING HOUSTON LLC, | § | CASE NO. 19-33423 |
| | § | |
| Debtor | § | CHAPTER 11 |
| | § | |
| GEORGE M LEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-3398 |
| | § | |
| MOHAMMAD ALI CHOUDHRI, | § | |
| Defendant, | § | |
| | § | |
| And | § | |
| | § | |
| JETALL COMPANIES, INC., | § | |
| Intervenor. | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6), MOTION TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f), AND MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(e)**

Plaintiff George M. Lee ("Plaintiff") comes before this Court and hereby files this Plaintiff's Reply to the Opposition (the "Opposition") filed by Defendant Ali Choudhri ("Choudhri") and Intervenor Jetall Companies, Inc.'s ("Jetall") ("collectively the "Defendants") to Plaintiff's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), Motion to Strike under Federal Rule of Civil Procedure 12(f), and Motion for a More Definite Statement of Claims under Federal Rule of Civil Procedure 12(e) (Plaintiff's "Motion to Dismiss") for the specific

purpose of addressing the erroneous factual and legal recitations contained in Defendants' Opposition, and in support thereof would show unto the Court as follows:

**A. Texas Property Code Section 5 quite simply does not apply to the underlying transaction, which specifies it is for commercial purposes only.**

1. Defendants' Response attempts to obfuscate the issues by claiming that the factual recitations contained in the August 12, 2013 Contract for Deed (the "Contract for Deed") are ineffective as void under Texas Property Code Section 5.073(b), providing that "a provision in an executory contract *that purports to waive a right or exempt a party from liability or duty under this subchapter* is void." TEX. PROP. CODE 5.073(b).

2. However, even Defendant acknowledges that "the protections enumerated within the provisions of Subchapter D do not apply to every contract for deed." *Ferrara v. Nutt*, 555 S.W.3d 227, 240 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Section 5 of the Texas Property Code only applies to an executory contract for the conveyance of real property that is "used or to be used" as the purchaser's residence or as a residence of a person related to the purchaser within the second degree of consanguinity or affinity. TEX. PROP. CODE 5.062(a).

3. The language of the Contract for Deed is clear and unambiguous; Jetall specifically warrants that the underlying property was to be used "solely for business and commercial purposes."[1] They specifically warrant that neither the buyer nor anyone related to them within the second degree of consanguinity "WILL NOT use Rivercrest Property as a residence or occupy the property."[2] Using the property located at 35 E. Rivercrest, Houston, Texas, 77042 (the "Rivercrest Property") for any residential purpose whatsoever is a breach of the underlying agreement and a

---

[1] *See* August 12, 2013 Contract for Deed, attached hereto as <u>Exhibit A</u>, page 4, ¶ 1.
[2] *Id.*

2

basis for termination in and of itself. This is clearly distinct from the prohibited wavier of liability under Section 5 of the Texas Property Code which specifically applies to residential contracts.

4. Nor would dismissing Defendants' inapplicable claims under Section 5 of the Texas Property code substantially hamstring the consumer protections contained in that statute. This is because the Texas legislature clearly exempted commercial transactions from the protections of that statute, and the underlying Contract for Deed unambiguously states that the Rivercrest Property is not to be used for any residential purposes whatsoever. No residential executory contract for deed will contain these recitals because it would make the contract void *ab initio.* Dismissal of Defendants' claims under this chapter would be perfectly consistent with the stated purpose of the statute to curtail abuses of certain low-income individuals who could not afford a home by means of a traditional mortgage. Senate Comm. on Int'l Relations, Trade & Tech., Bill Analysis, Tex. S.B. 336, 74th Leg., R.S. (1995); House Comm. on Bus. & Indus., Bill Analysis, Tex. S.B. 336, 74th Leg., R.S. (1995); *see also* Act of May 24, 1995, 74th Leg., R.S. Ch. 994, § 1, 1995 Tex. Gen. Laws 4982.

5. Defendants further argue that there is a factual issue precluding dismissal under 12(b)(6) at this juncture. However, if a contract's language can be given a certain or definite legal meaning or interpretation, then the contract is not ambiguous and should be construed as a matter of law." *El Paso Field Servs., L.P. v. MasTec N. Am., Inc*., 389 S.W.3d 802, 806 (Tex. 2012). As illustrated above, the underlying Contract for Deed unambiguously states that the Rivercrest Property is to be used solely for commercial purposes. When a claimant's allegations directly contradict language in a contract that formed the basis for a lawsuit, the court need not give credence to those allegations. *See Gant v. Wallingford Board. of Educ*., 69 F.3d 669, 674 (2d

3

Cir.1995). The Court may thus appropriately disregard the alleged issues of fact precluding dismissal at this stage.

6. In short, dismissal of Defendants' claims under Section 5 of the Texas Property Code is appropriate, supported by well-established law, and warranted in the case-at-bar.

**B. Contrary to Defendants' assertions, *Joe Hand* directly supports Plaintiff's claim that Defendants' bare recitals of affirmative defenses be struck.**

7. Defendants additionally assert that there is no support for the proposition that a bare recital of an affirmative defense, without even the barest of attempts to show how it applies to the underlying facts of the present case, means that these affirmative defenses should be struck, stating that *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017) "says no such thing."[3]

8. The United States District Court for the Southern District of Texas appears to disagree with Defendants. In *Joe Hand*, that Court recites the well-established rule that "[u]nder Rule 8(c), a defendant must 'plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.'" *Id.* at *1. It is, frankly, unclear why Defendants would attempt to allege otherwise. In that case, the District Court struck a purported affirmative defense of waiver because the defendants "did not allege what right [plaintiff] waived or how it affects the claim…" instead stating that the plaintiff's claims were "barred in whole or in part because of waiver." *Id.* at *3. This is essentially identical to the bare recitations of facts contained in Defendants' Objection.

9. In sum, there is ample authority supporting dismissal of Defendants' affirmative defenses for containing nothing but bare perfunctory recitations of each defense.

---

[3] Opposition at p. 5. A copy of the *Joe Hand* opinion is attached hereto as <u>Exhibit B</u>.

10. Apart from the additional arguments raised herein, Plaintiff stands on the arguments and factual recitations contained in his original Motion to Dismiss.

## *Prayer*

Therefore, for the forgoing reasons, Plaintiff prays that this Court: (i) dismiss Defendants' First, Second, and Third Counterclaims under Federal Rule of Civil Procedure 12(b)(6); (ii) dismiss Defendants' Fourth Counterclaim under Federal Rule of Civil Procedure 12(b)(6); (iii) strike Defendants' affirmative defenses raised in their Original Answer to Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(f); (iv) additionally, and/or in the alternative, require Defendants to more specifically plead the affirmative defenses and their Eighth Counterclaim as required herein under Federal Rule of Civil Procedure 12(e); and (v) afford Plaintiff any other relief to which he might be entitled to at law or in equity.

Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Attorney-In-Charge
Federal Bar No. 690068
Texas State Bar No. 24056361
Zachary Clark
Federal ID No. 3087665
Texas State Bar No. 24097502
50 Briar Hollow Ln., Suite 370 West
Houston, Texas 77027
Telephone: (713) 892-5400
Fax: (713) 892-5401
Email: sponsel@smglawgroup.com
Email: zachary.clark@smglawgroup.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May 2021, I electronically transmitted the attached ***Plaintiff's Reply to Defendants' Objection to the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), Motion to Strike under Federal Rule of Civil Procedure 12(f), and Motion or a More Definite Statement of Claims under Federal Rule of Civil Procedure 12(e)*** to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

GOLD, WEEMS, BRUSER, SUES & RUNDELL
Evelyn I. Breithaupt (TBN: 24073951)
2001 MacArthur Drive
P.O. Box 6118
Alexandria, Louisiana 71307
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: ebreithaupt@goldweems.com

GUBERNICK LAW P.L.L.C.
Benjamin Gubernick
10720 West Indian School Rd. Ste. 19 PMB12
Phoenix, AZ 85037
Telephone: 734-678-5169
Email: ben@gubernicklaw.com

***Counsel for Defendants***

                                                  */s/Thane Tyler Sponsel III*
                                                  Thane Tyler Sponsel III