**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BRIAR BUILDING HOUSTON LLC,** | § | **CASE NO. 18-32218** |
| | § | |
| **Debtor** | § | **CHAPTER 11** |
| _____ | § | |
| **GEORGE M LEE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-03398** |
| | § | |
| **MOHAMMAD ALI CHOUDHRI,** | § | |
| **Defendant,** | § | |
| | § | |
| **And** | § | |
| | § | |
| **JETALL COMPANIES, INC.,** | § | |
| **Intervenor.** | § | **JURY DEMANDED** |

**PLAINTIFF GEORGE M. LEE'S ANSWER TO ALI CHOUDHRI**
**AND INTERVENTOR JETALL COMPANIES, INC.'S COUNTERCLAIMS**

Plaintiff, George M. Lee ("Plaintiff" or "Mr. Lee"), files this Original Answer to Ali Choudhri ("Choudhri") and Interventor Jetall Companies, Inc.'s ("Jetall") ("collectively the "Defendants") Counterclaims, and in support thereof would show as follows:

**I.      PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

1.      Plaintiff admits factual allegations contained in Paragraph 1 of the Counterclaims with respect to the payments made, but Plaintiff denies that all of the payments were installment payments under a contract for deed.

2.      Plaintiff denies the factual allegations contained in Paragraph 2 of the Counterclaims.

3.      Plaintiff denies the factual allegations contained in Paragraph 3 of the Counterclaims.

4.      Plaintiff denies the factual allegations contained in Paragraph 4 of the Counterclaims.

5.      Plaintiff admits factual allegations contained in Paragraph 5 of the Counterclaims with respect to the payments made, but Plaintiff denies that all of the payments were installment payments under a contract for deed.

6.      Plaintiff denies the factual allegations contained in Paragraph 6 of the Counterclaims.

7.      Plaintiff denies the factual allegations contained in Paragraph 7 of the Counterclaims.

8.      Plaintiff denies the factual allegations contained in Paragraph 8 of the Counterclaims.

9.      Plaintiff admits factual allegations contained in Paragraph 9 of the Counterclaims with respect to the payments made, but Plaintiff denies all of that the payments were installment payments under a contract for deed.

10.     Plaintiff denies the factual allegations contained in Paragraph 10 of the Counterclaims.

11.     Plaintiff denies the factual allegations contained in Paragraph 11 of the Counterclaims.

12.     Plaintiff denies the factual allegations contained in Paragraph 12 of the Counterclaims.

13.     Plaintiff denies the factual allegations contained in Paragraph 13 of the Counterclaims.

14.     Plaintiff denies the factual allegations contained in Paragraph 14 of the Counterclaims.

15.     Plaintiff denies the factual allegations contained in Paragraph 15 of the Counterclaims.

16.     Plaintiff denies the factual allegations contained in Paragraph 16 of the Counterclaims.

17.     Plaintiff denies the factual allegations contained in Paragraph 17 of the Counterclaims.

18.     Plaintiff admits factual allegations contained in Paragraph 18 of the Counterclaims with respect to the payments made, but Plaintiff denies that all of the payments were installment payments under a contract for deed.

19.     Plaintiff denies the factual allegations contained in Paragraph 19 of the Counterclaims.

20.     Plaintiff denies the factual allegations contained in Paragraph 20 of the Counterclaims.

21.     Plaintiff denies the factual allegations contained in Paragraph 21 of the Counterclaims.

22.     This is a statement of Defendants' jury demand in Paragraph 22 of the Counterclaims, which does not call for admission or denial.

## II.    AFFIRMATIVE DEFENSES

1.      Defendants' claims are barred in whole or in part by the statute of limitations. Unjust enrichment claims in Texas are governed by a two-year statute of limitations. TEX. CIV. PRAC. & REM. C. § 16.003; *Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (per curiam). Claims for money had and received as well as unjust enrichment begin to accrue "when the money is paid." *Tornado Bus Co. v. Bus & Coach Am. Corp.*, No. 3:14-CV-3231-M, 2015 WL 5164731, at *6 (N.D. Tex. Sept. 2, 2015); *see also Mayo v. Hartford*, 354 F.3d 400, 410–11 (5th Cir. 2004). Defendants' limited payments in many regards were made outside the limitations period for claims they now make. Defendants levy of claims against Plaintiff that have lapsed under statute of limitation should be precluded by the limitations period that has lapsed.

2.      Defendants' claims are barred in whole or in part by the defense of waiver. By their actions, omissions, and conduct during the period that the August 12, 2013 commercial contract for deed which was subsequently modified on August 12, 2015 and then again modified on October 22, 2016 (the "Contract") was in effect, Defendants waived their right to seek some or all of their claims because Defendants gave up their rights. Defendants agreed under the Contract to reimburse Plaintiff in the event that Defendants failed to meet their obligations causing Plaintiff to incur expenses and attorney's fees. Defendants failed to fulfill their obligations in the time and manner that the obligations were memorialized within the Contract. Additionally, Defendants agreed to indemnify, defend, and hold Plaintiff harmless from claims arising out of Defendants' use of the Property. Both Defendants and Plaintiff agreed that on Defendants' default of the Contract Plaintiff would be able to retain all money paid by Defendants as liquidated damages. That is a fact that Defendants reaffirmed upon each modification, in which case Defendants ratified

4

the existing contractual agreements and waived damages up to the point of modification.  Because of the foregoing, Defendants' claims against Plaintiff should fail in whole or at least part. Defendants have furthermore substantially invoked the judicial process and as such have waived their claim that arbitration applies to this dispute. Defendants' claims are barred in whole or in part because they failed to mitigate damages. Through reasonable efforts to avoid or offset losses from their breach, including but not limited to timely and properly making the payments they agreed to within the Contract (which includes all modifications thereto), Defendants could have avoided some or all of their alleged damages in this dispute.

5.      Defendants' claims are barred in whole or in part by defense of accord and satisfaction. As shown within the Contract including each modification and extension agreement leading up to the October 22, 2016 modification, Defendants obtained an extension on the deadline for when their sales price was due and payable in full while, ultimately in the 2016 modification, promising to make the non-refundable $150,000.00 payment. Plaintiff not only extended the Contract via multiple modifications, but as part of Plaintiff's consideration under each extension Plaintiff elected not to seek remedies that were presently available to Plaintiff due to Defendants' ongoing breach and default. Defendants agreed to pay the amounts specified and comply with their obligations under the Contract, which includes multiple modification and extensions, and Defendants acknowledged that time was of the essence for performance of their covenants. After execution of each modification and accepting consideration thereunder from Plaintiff (i.e., the extension and Plaintiff's election not to pursue remedies against Defendants at the time as well as granting new and later maturation dates), Defendants failed to fulfill their obligations under the Contract, failed to make timely payments, and in so doing Defendants accepted the consequences of their breach actions that gave Plaintiff the right to make all claims that are present in this lawsuit.

6.     Defendants' claims are barred in whole or in part by the doctrines of judicial and/or equitable estoppel. Defendants' allegations about an unrelated forbearance agreement applying to this dispute are baseless and made in bad faith.  There was never any general release of Plaintiff's rights under the Contract or its modifications, certainly not in any manner that Defendants would have reasonably relied upon in this dispute. As Plaintiff's quotation of the forbearance agreement ("Forbearance Agreement") within Plaintiff's First Amended Complaint as well as Plaintiff's Motion to Remand on file in this matter showed, the release contained in the Forbearance Agreement specifically recited and was related to the "Loan Documents" which were in turn only related to the Briar Hollow Property.[1]  Defendants' claims based in equity regarding the Rivercrest Property should be estopped because Defendants have come to the Court with unclean hands by committing prior material breach of their obligations under the Contract and/or extensions made thereto.  Because Defendants failed to pay taxes and assessments on the property, failed to pay the nonrefundable fee, and failed to make timely and adequate payments under the Contract, Defendants should be precluded from proceeding on all or at least part of their counterclaims. Plaintiff reasonably relied upon representations and guarantees of Defendants in the Contract, including each of the modifications to the Contract.   In so relying, Plaintiff was harmed by Defendants' actions and omissions made to the detriment of Plaintiff thereafter.  Furthermore, Defendants' suggestion that this Court somehow relied on a purported general release of Plaintiff's claims in this dispute (made within an unrelated Forbearance Agreement from a wholly different dispute involving a wholly separate property) when it accepted a Forbearance Agreement in a totally separate dispute should fail because Defendants acted intentionally when they breached the

---

[1] *See* Dkt. No. 56-7, May 11, 2018 Forbearance Agreement, ¶ 27, which was attached to Plaintiff's Motion to Remand in this adversary matter as Exhibit A on September 14, 2020 and was attached to Plaintiff's First Amended Complaint in this adversary matter as Exhibit B on February 1, 2021.

Contract, including each of the extensions thereon, and Defendants are now attempting to play fast and loose with the court while trying to work an injustice upon Plaintiff.

7.      Plaintiff is entitled to an offset on Defendants' claims based upon the value and/or benefit received by Defendants without full or adequate compensation from Defendants. Plaintiff has provided good and valuable consideration to Defendants not only in the form of access to and use of the property in question but also by extending additional rights (i.e., time for performance and tender of Defendants' consideration, use of and access to the property, etc.) and delaying Plaintiff's remedies available under several modification and extension agreements to the Contract regarding the Rivercrest Property. During the time in question in this dispute, Plaintiff had a contract for sale with James Harden (Lucky Beard LLC), which anticipated a sale price of at least $2,250,000.00.  Defendants continued to allege rights to the property, going so far as to file a baseless *lis pendens*, and took actions that undermined and ultimately forced the envisioned sale to fall through.  Plaintiff has serious and actual damages from this lost sale, which are above and beyond the liquidated damages alleged, and Plaintiff should receive an offset for such damages against all of Defendants' counterclaims.

8.      Defendants' claims are barred in whole or in part by defense of failure of conditions precedent. Each time that Defendants' consideration and performance under the Contract and every modification subsequently made thereon were due or overdue, when Defendants requested that Plaintiff extend the maturity date of the Contract Plaintiff provided an extension and performed under modifications to the Contract. Defendants failed to comply with their covenants and warranties memorialized in the Contract including each subsequent modification by not only breaching upon nonpayment, refusal to pay the nonrefundable fee, and failing to pay taxes and

assessments when due but also by violating Defendants warranties "that they [were] not subject to rights of offset, rescission or other claims"[2] that Defendants now make against Plaintiff.

9.      Defendants' claims are barred by the parole evidence rule. The Contract including each subsequent modification and extension agreements thereto speak for themselves. Defendants' attempt to excuse their default and breach of the aforementioned agreements with Plaintiff on the basis of a wholly unrelated and inapplicable Forbearance Agreement regarding a separate property, as well as Defendants' attempts to recoup or obtain refund of past payments made pursuant to the Contract should fail based on parole evidence rule restrictions.

10.      Defendants' claims are barred in whole or in part by the doctrine of unconscionability. Since the August 12, 2013 Contract, which includes all subsequent modifications, Defendants were provided access to and use of the Rivercrest Property as consideration of Plaintiff (as well as delay of Plaintiff's remedies against default) for return consideration from Defendants that is memorialized in the Contract. Not only did Defendants default and commit prior material breach, but Defendants have agreed in writing that Defendants would comply with the obligations in each agreement that Defendants now say are somehow void or waived. It would be unconscionable and work an injustice upon Plaintiff after the consideration and rights that Plaintiff extended to Defendants to now order refund or recoupment of monies paid to Plaintiff by Defendants. Defendants made repeated representations to Plaintiff from 2013 through 2016 as shown in the Contract that Plaintiff reasonably relied upon by extending certain rights to Defendants. The agreements memorializing the understandings of Plaintiff and Defendants in the Contract are straightforward, mutually negotiated and drafted, and were clear. Defendants now ask this court to reinterpret the Contract, including mutual modifications thereto,

---

[2] *See* Dkt. No. 24-3, the Contract and each Modification and Extension Agreement thereon, p. 11 & 14, which was attached to Plaintiff's First Amended Complaint in this adversary matter as Exhibit C on February 1, 2021.

in manners that would wholly alter the relationship between Plaintiff and Defendants after the time that Plaintiff has fully performed, which would be unconscionable and undermine the mutual intent underlying the agreements between the parties.

11. Defendants' claims are barred in whole or in part by the doctrine of manifest injustice. After years of accepting benefits and consideration from Plaintiff under the Contract, years of rights to the Rivercrest Property, and failure to provide return consideration due to Plaintiff under the Contract, Defendants now seek relief from this Court that would be obviously unfair and shock the conscience because not only are they alleging that no further consideration is due to Plaintiff but incredibly Defendants now demand return of all funds they did pay in part to Plaintiff pursuant to the Contract. To grant the relief Defendants seek would work a manifest injustice upon Plaintiff and any party that reasonably relies upon written contractual agreements.

Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Attorney-In-Charge
Federal Bar No. 690068/Texas State Bar No. 24056361
Roger B. Greenberg
Federal Bar No. 3932/Texas State Bar No. 08390000
Zachary A. Clark
Federal Bar No. 3087665/Texas State Bar No. 24097502
Allen Landon
Federal Bar No. 3028753/ Texas State Bar No. 24091870
50 Briar Hollow Ln., Suite 370 West
Houston, Texas 77027
Telephone: (713) 892-5400
Fax: (713) 892-5401
Email: sponsel@smglawgroup.com
Email: roger@smglawgroup.com
Email: zachary.clark@smglawgroup.com
Email: allen.landon@smglawgroup.com

*Counsel for George M. Lee*

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2021, I caused the foregoing Plaintiff George M. Lee's Answer to Defendants' Counterclaims to be electronically field with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List as listed below:

GOLD, WEEMS, BRUSER, SUES & RUNDELL
Evelyn I. Breithaupt (TBN: 24073951)
2001 MacArthur Drive
P.O. Box 6118
Alexandria, Louisiana 71307
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: ebreithaupt@goldweems.com

GUBERNICK LAW P.L.L.C.
Benjamin Gubernick
10720 West Indian School Rd. Ste. 19 PMB12
Phoenix, AZ 85037
Telephone: 734-678-5169
Email: ben@gubernicklaw.com

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III